WHEELER, District Judge.
The Revised Statutes (section 5242) provide, in relation to national banks:
“Sec. 5242. All transfers of the notes, bonds, bills of exchange, or other evidences of debt, owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of' one creditor to another, except in payment of its circulating notes, shall be utterly null and void.”
The Capital National Bank of Lincoln, Neb., had an account of remittances and drafts with the defendant in New York, varying from day to day. January 18, 1893, the account on the books of the defendant was overdrawn $84,486.19. On that day the Schuster-Hax National Bank of St. Joseph, Mo., remitted by mail $2,000 to the defendant for the credit of the Capital National Bank. On the 19th the Packers’ National Bank of South Omaha, Neb., remitted to the defendant $5,000 for the credit and advice of the Capital National Bank, and the Capital National Bank remitted a package of 15 items of various sizes amounting to $815.79, another of 32 amounting to $2,935.60, and the account on the books of the defendant stood overdrawn $40,807.43. On the 20th the Capital National Bank remitted a package of 27 items amounting to $735, and probably on the 21st it remitted another similar package amounting to $833.64, and the account stood on the books of the defendant overdrawn $25,-515.32. On the 22d, Sunday, the bank examiner took possession of the Capital National Bank and it went into liquidation. On the 23d the defendant received the remittances of $2,000 of the 18th, and of $5,000, $815.79, and $2,935.60 of the 19th, and of $735 of the 20th, which it credited to the Capital National Bank, and it received notice by telegraph from the bank examiner of the suspen *588 sion; and on the 24th it received the remittance of §833.04, which it likewise credited, and which left the account overdrawn §13,317.94. The plaintiff is the receiver of the Capital National Bank, and this suit is brought to recover the amount of these remittances received by the defendant on the 23d, §11,486.39, and that received on the 24th, §833.64, as having been transferred by that bank contrary to the statute.
That the Capital National Bank had been insolvent for a long time next before these remittances is amply made to appear, and, if the prohibition had been made to turn upon insolvency, these transfers would unquestionably be void, and the defendant accountable for the proceeds; but the transfers would be as unquestionably good except for the statute, and only those made after an act of insolvency, or in contemplation thereof, are by that avoided. Till after these remittances the Capital National Bank was carrying on its business of banking in due course, without any act of insolvency shown to have been committed, and they were a part of that business, which was stopped by the bank examiner because of the bank’s state of insolvency, and not because of any act arising from that state. Ultimately, but for this interposition, the bank must have been driven to such acts, but how soon cannot now be told. The transfers were' complete when the remittances were mailed to the defendant, and must be considered as having been made in due course, and in continuation, of lawful business, and not in contemplation of committing any act of insolvency. These transactions were like the ordinary business of such a bank, done over the counter in the usual way, and for character they are to be compared with the transactions of such business, which seem to be valid. Roberts v. Hill, 23 Blatchf. 312, 24 Fed. 571.
The answer prays that, should an account be ordered, the plaintiff be decreed to pay to the defendant the amount due from the Capital National Bank, and such a decree is insisted upon in argument. That prayer in the answer would probably be insufficient for any affirmative relief to the defendant, but, whether so or not, the defendant is not entitled to anything from the plaintiff but its dividend, which cannot be decreed now. Bill dismissed.